**Arturo Huerta BRAVO;
et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 06–71347.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Evan L. Murri, Esq., Law Offices of Evan L. Murri, Pomona, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., Sarah Maloney, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM [**]

Arturo Huerta Bravo and his wife, Maria Elena Vergara Vildozola, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order upholding an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We review the agency's application of a statute de novo. *See Khourassany v. INS,* 208 F.3d 1096, 1101 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that neither petitioner met the continuous physical presence requirement where the record shows they were placed in expedited removal proceedings during the statutory time period. *See Juarez–Ramos v. Gonzales,* 485 F.3d 509, 512 (9th Cir.2007) (holding that expedited removal interrupts an alien's continuous physical presence for cancellation purposes).

The agency did not err in finding Huerta Bravo ineligible for voluntary departure because it correctly applied the statute barring an alien who has assisted in alien smuggling from meeting the good moral character requirement for voluntary departure. *See Khourassany,* 208 F.3d at 1101.

We lack jurisdiction to review the agency's denial of Vergara Vildozola's request for voluntary departure. *See* 8 U.S.C. § 1229c(f) (no court shall have jurisdiction over an appeal from the denial of voluntary departure); *Ramadan v. Gonzales,* 479 F.3d 646, 654 (9th Cir.2007) (notwithstanding any other statutory jurisdictional bar, the court retains jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law, including the application of law to undisputed facts).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.